FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL R. RAGER, | No. 2:24-CV-330-MKD |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | |
| JEFFEREY PERKINS, | **ECF Nos. 4, 5, 6, 9** |
| Respondent. | |

By Order filed November 12, 2024, the Court directed Petitioner Michael R. Rager, an individual currently incarcerated at the Coyote Ridge Corrections Center, to show cause why his *pro se* Petition for Writ of Habeas Corpus by a State Prisoner pursuant to 28 U.S.C. § 2254 should not be dismissed as time barred under 28 U.S.C. § 2244(d). ECF No. 7. The $5 filing fee has been paid. Respondent has not been served.

On December 11, 2024, Petitioner filed his Response, titled "Show Cause Order demonstrating Need & Cause why Review is Appropriate." ECF No. 8. He

ORDER - 1

1  also filed a second Motion to Appoint Counsel.  ECF No. 9.  Petitioner seeks the

2  appointment of counsel to assist him to subpoena a "child journal" and to "hire a

3  forensic document examiner."  *Id.* at 1.  Petitioner declares that his pleadings "have

4  been drafted by inmate writ-writers who are equally unqualified to advise[.]"  *Id.* at

5  2.

6      In his response, Petitioner asserts that "[t]his case is among those

7  exceptions" that should equitably toll the federal limitations period under 28

8  U.S.C. § 2244(d)(2).  ECF No. 8 at 1.  Petitioner "declares" that: (1) the state's

9  attorney is "required to verify the authenticity of its evidence" and defense counsel

10  has a "duty" to conduct a "reasonable investigation"; (2) "the transcripts of the

11  testimony change during the course of the lengthy pretrial deliberations" and post-

12  conviction discovery revealed "that the 'writing on the wall' appears to be penned

13  by the hand of one accustomed to 'cursive.'"  *Id.* at 2.  Petitioner asserts there is "no

14  indication of handwriting analysis performed by either attorney of record during

15  the proceeds, in spite of the professed innocence of the defendant."  *Id.*

16      Petitioner pleaded guilty to four counts of indecent liberties in Garfield

17  County in 2022 and was sentenced to fourteen years' incarceration.  ECF No. 1 at

18  1-2.  Petitioner again provides no information regarding state collateral petitions

19  that might statutorily toll the federal limitations period under 28 U.S.C. §

20  2244(d)(2).  The Court can infer no basis to equitably toll the federal limitations

ORDER - 2

period from Petitioner's declarations concerning evidentiary matters that predate his plea in state court and which he now seeks to explore. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding "that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Consequently, Petitioner has failed to show that his federal habeas corpus petition was timely filed on September 24, 2024.

Accordingly, **IT IS ORDERED**:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED with prejudice** as time barred under 28 U.S.C. § 2244(d).

2. Petitioner's pending motions, **ECF Nos. 4, 5, 6**, and **9** are **DENIED as moot.**

3. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The Clerk's Office shall file this Order, enter judgment, provide copies to Petitioner, and **CLOSE** this file.

DATED December 13, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3